CATHERINE TAPANA, Appellant, v. JULIA SHAFFRAY, Respondent.

### St. Louis Court of Appeals, December 16, 1902.

1. **Pleading and Practice: DEFECTIVE PETITION: PRACTICE, TRIAL: STATUTORY CONSTRUCTION.** Where three petitions are adjudged insufficient, it is proper for the court to enter final judgment, under section 623, Revised Statutes 1899.

2. **Equity: FRAUD: SETTING ASIDE JUDGMENT: MISREPRESENTATIONS.** Equity will vacate a judgment for fraud in the "concoction" thereof, and such a fraud may consist in preventing or debarring a party from asserting his rights in the course of a litigation by any deceitful misrepresentations whereby a defense is prevented.

3. **Defect of Parties: PRACTICE, TRIAL: PRACTICE, APPELLATE.** Where no question of a defect of parties is raised in the circuit court, the question can not be raised on appeal.

4. **Practice, Trial: ERROR.** The trial court is presumed to have correctly acted, until the contrary appears. Error must be affirmatively shown.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED.

*Christian F. Schneider* for appellant.

(1) Plaintiff (appellant here) contends that her petition states a cause of action, i. e., that the defendant having procured the judgment or decree under

Vol 97 app—22.

which she claims the property referred to in the petition by means of fraud, i. e., by false and fraudulent representations in her petition in said cause, and to the public administrator in charge of said estate, thereby preventing an active defense in said suit, and by means of false and fraudulent proof and evidence thereby worked a fraud upon the court and the administrator in charge of the estate of Ann McKenna, and this plaintiff (appellant) not having been made a party to said suit, and having no knowledge nor notice of the same, the defendant (respondent) should account to this plaintiff for her interest in the estate of said Ann McKenna, plaintiff's sister, and that she (respondent) be decreed to hold said property as trustee for plaintiff (appellant herein). 14 Am. and Eng. Ency. of Law (2 Ed.), p. 23, par. 2, says: "The clearest cases of actual fraud, and those with which courts generally have to deal, are cases in which a person had made a positive misrepresentation or misstatement as to the existence or non-existence of a particular fact. In such case, he is clearly guilty of fraud, both at law and in equity, if the representation was as to a material fact and was false; if it was of such a character that the other party had a right to rely upon it; if it was accompanied by knowledge that it was false, or what the law regards as equivalent to actual knowledge, and by an intent to deceive; if it was relied upon by the other party, and did in fact deceive; and if he had sustained damages." Bank v. Byers, 139 Mo. 627. (2) The case at bar contains all of the elements above set forth, and comes clearly within the law as therein laid down. If so, the said petition states a good cause of action, and the defendant's demurrer should have been overruled. Paretti v. Rebenack, 81 Mo. App. 494; Edwards v. Noel, 88 Mo. App. 434. (3) A judgment may be directly assailed for fraud in obtaining it. McClanahan v. West, 100 Mo. 309; Wonderly v. Lafayette Co., 150 Mo. 635; Wells on Res Judicata, sec. 499. (4) False representations made by one of facts peculiarly within his knowledge vitiates

any contract made in reliance of such representations: 14 Am. and Eng. Ency. of Law (2 Ed.), p. 120, par. 10; Gottschalk v. Kircher, 109 Mo. 170; Arthur v. Wheeler & Wilson Mfg. Co., 12 Mo. App. 335; Herman v. Hall, 140 Mo. 270; McBeth v. Craddock, 28 Mo. App. 380; Wonderly v. Lafayette Co., 150 Mo. 635.

*Alfred P. Hebard* for respondent.

(1) The judgment against the administrator of Ann McKenna in 1893 (the estate, according to the petition, consisting entirely of personalty), is binding against all persons interested in said estate, including the appellant, even though they may not have been made parties to the 1893 suit, unless some adequate reason is shown why the judgment is invalid against the administrator. Moody v. Peyton, 135 Mo. 482. (2) The carelessness or neglect of the administrator in his handling of the 1893 suit would not vitiate the judgment therein obtained, unless there was a fraudulent combination or collusion between the administrator and the plaintiff therein (and no such combination or collusion is charged in the petition). Matthis v. Town of Cameron, 62 Mo. 504.

BARCLAY, J.—In this cause plaintiff has appealed from a judgment in favor of defendant following an order sustaining a demurrer to her third amended petition.

In order that the plaintiff's case may fully appear, we set forth the petition (omitting caption and signature) at large:

"Plaintiff, for her third amended petition in above entitled cause, leave to file same having been first had and obtained, states that plaintiff is a sister and heir at law of one Ann McKenna, deceased, hereinafter mentioned; that she is single and unmarried and the widow of one . . . Tapana, deceased.

"Plaintiff further states that said Ann McKenna departed this life intestate, on or about the first of

July, 1893, leaving as her sole heirs at law her brothers and sisters, viz., Patrick Shaffray, the husband of defendant, Julia Shaffray, Edward Shaffray, Mary Lee and plaintiff herein, Catherine Tapana.

"Plaintiff further states that the said Ann McKenna at the time of her decease was the owner and possessed of property of the value of four thousand dollars; that plaintiff herein has never received any part or portion of said property nor anything for or on account of her interest in the estate of said Ann McKenna, deceased.

"Plaintiff further states that upon the death of said Ann McKenna the said defendant, Julia Shaffray, for the purpose and with the intent of defrauding the heirs of said Ann McKenna, including plaintiff herein, and for the purpose of getting possession of the property and effects of the said Ann McKenna, and being the property hereinafter mentioned, took possession of all the moneys, property and effects formerly belonging to the said Ann McKenna, deceased, being seven hundred and fifty dollars in addition to the property hereinafter mentioned, and with said intent and purpose did thereafter, on or about the twenty-second day of August, A. D. 1893, procure the appointment of William C. Richardson as administrator of the estate of said Ann McKenna; that for the purpose and with the intent to cheat and defraud this plaintiff out of her rights, interests, and claims in and to the estate of said Ann McKenna as aforesaid, said Julia Shaffray retained possession of all the property of the said Ann McKenna, and on the twenty-third day of August, A. D. 1893, caused a petition to be filed in the circuit court of the city of St. Louis, Missouri, in which said Julia Shaffray was plaintiff and said William C. Richardson as public administrator of the city of St. Louis in charge of the estate of said Ann McKenna and Edward Shaffray, Mary Lee, and husband of plaintiff in that suit, Patrick Shaffray, were made defendants, being suit No. 93002, room 4 of said circuit court; that in the petition filed in said suit by Julia Shaffray, for

the purpose and with the intent of cheating and defrauding this plaintiff out of her rights, claims and interest in and to the estate of said Ann McKenna, falsely and fraudulently represented to this honorable court and alleged that, prior to the death of said Ann McKenna, to-wit, on March 1, 1893, the said Ann McKenna had promised and agreed with said Julia Shaffray, in consideration of the said Julia Shaffray agreeing to take care of and provide for her the remainder of her life, at her death she would give to Julia Shaffray all the property which she (Ann McKenna) might then own; that in said petition, said Julia Shaffray further falsely and fraudulently represented to this court that she, Julia Shaffray, did so provide and care for said Ann McKenna till the time of her death, July 1, A. D. 1893. All of which said Julia Shaffray then and there well knew to be false and untrue.

"That in said petition, said Julia Shaffray further alleged that she so waited upon and cared for said Ann McKenna without any charge to said Ann McKenna; that in truth and fact said Ann McKenna paid said Julia Shaffray prior to her death for such provision and care in services and money. Plaintiff further alleged in said petition that said Julia Shaffray had in her lifetime caused a will to be prepared, giving to her, said Julia Shaffray, nearly all her property and estate, all of which allegations were false and untrue, as said Julia Shaffray then and there well knew. That thereupon said Julia Shaffray in her said petition prayed a decree vesting in her absolutely all the property and estate of said Ann McKenna.

"Plaintiff further represents that said Julia Shaffray, for the purpose of cheating and defrauding this plaintiff, failed to make this plaintiff a party to said suit, and failed to notify her of the pendency of the same.

"Plaintiff further states that, in furtherance of the said scheme of the said Julia Shaffray to defraud this plaintiff, at the trial of said cause, by means of fraudulent and incompetent testimony, procured, pro-

duced and given by and in behalf of said Julia Shaf-
fray, tending to prove the allegations of said petition,
procured a judgment or decree in said cause, on the
fifth day of December, A. D. 1893, awarding to her,
said Julia Shaffray, all the property, effects and estate
of the said Ann McKenna, deceased; that among the
said property was the following:

"Nine hundred and thirty-four dollars and ninety
cents cash; note of J. T. Donovan Real Estate Com-
pany for $400, dated June 26, 1893, due one year from
said date; also note for $1,600, dated June 4, 1890, due
three years after said date and extended for three
years from said date, and being a principal note; and
six interest notes for $48 each, dated said fourth day
of June, 1893, and payable respectively six, twelve,
eighteen, twenty-four, thirty and thirty-six months af-
ter said last-named date; and deed of trust conveying
to the trustee of said Ann McKenna a tract of ground
with improvements thereon, fronting twenty-four feet
on the east line of Pleasant street, and being the north
six feet of lot 10, and the south eighteen feet of lot 11,
of city block No. 1945 of the city of St. Louis, Missouri;
said deed of trust being of record in book 959, page
352, of the office of the recorder of deeds for the city
of St. Louis, Missouri.

"That in pursuance of said decree and judgment
the said Julia Shaffray obtained possession of the
property above described from said William C. Rich-
ardson and did thereafter, in pursuance of her said
purpose to cheat and defraud this plaintiff, cause said
real estate hereinabove described to be sold under the
said deed of trust, and did, on the twenty-fifth day of
August, A. D. 1899, purchase said real estate at such
sale with the money and property belonging to the
estate of Ann McKenna, and fraudulently obtained by
the said Julia Shaffray, as herein set forth, said trus-
tee's deed being of record in book 1519, page 405, of
the office of the recorder of deeds for the city of St.
Louis, Missouri, and now claims to be the sole and ab-
solute owner of all the said property and the estate

formerly belonging to the estate of the said Ann Mc-
Kenna.

"Plaintiff further states that the said Julia Shaf-
fray for the purpose of obtaining said judgment and
decree in said cause and for the purpose of avoiding
a contest in said case after the institution of said suit,
and on the day of said trial, compromised with and
paid Mary Lee the sum of $500, one of the defendants
in said suit and an heir of said Ann McKenna, as afore-
said, and thereby caused said Mary Lee not to make
a defense in said suit; and failed to notify Edward
Shaffray, one of the defendants in said suit, of the
pendency of the same, although she well knew his place
of address and abode in the State of Louisiana, and well
knew that said Edward Shaffray was not in the State
of Missouri at said suit and that he knew nothing of
the pendency of said suit. That in furtherance of her
said scheme to cheat and defraud this plaintiff, said
Julia Shaffray caused her husband, the only other de-
fendant in said cause to default and caused said Wil-
liam C. Richardson, administrator as aforesaid, to not
make an active defense in the said suit by means of the
false and fraudulent representations alleged herein to
have been made by said Julia Shaffray; that for that
purpose said Julia Shaffray falsely and fraudulently
represented to said Richardson that there were no other
heirs than those mentioned as defendants in said suit
of Ann McKenna; and that said Ann McKenna had
made and entered into the agreement alleged in said
petition in the said suit and that all the heirs were will-
ing and consented that the said Julia Shaffray should
obtain the judgment and decree prayed for in the said
petition and hereinbefore set forth; that said Rich-
ardson relied upon such false representations and failed
to make any further investigations; that if he had made
any further investigations he would have learned that
said representations made by said Julia Shaffray were
false and untrue; and that said Richardson thereupon
failed and neglected to procure witnesses to disprove
the allegations made in the petition in said suit and

to defeat said action; that upon investigation he could easily have procured witnesses to disprove the allegations in said petition contained; that at the trial of said cause Julia Shaffray represented to the court, through her attorneys, that said suit had been compromised and that said Richardson was satisfied and all defendants had consented that said plaintiff obtain the said decree; that said Richardson was present in court by attorney at the time and consented thereto; that said Richardson's attorney failed to cross-examine the witnesses produced, the witnesses introduced at said trial, and failed to ask them the names of the heirs of said Ann McKenna; that upon a cross-examination of said witnesses, and if plaintiff's witnesses had been interrogated it would have appeared that plaintiff herein, Catherine Tapana, was an heir of said Ann McKenna, and that the allegations contained in the petition in said cause were untrue; that by reason of the premises a fraud was worked upon the court and said decree obtained thereby.

"Plaintiff further states that she is not a party to said suit and had no knowledge of the pendency of the same, nor of the said alleged fraudulent claim of the said Julia Shaffray; that she had no knowledge of said fraudulent acts and claims of said Julia Shaffray until she came to the city of St. Louis, Missouri, in the year A. D. 1900; that she did not even know of the decease of said Ann McKenna until about the year A. D. 1900. Plaintiff further states, that said Julia Shaffray, for the purpose of cheating and defrauding this plaintiff out of her rights in and interests to the said property and estate of said Ann McKenna, falsely represented to the other heirs of the said Ann McKenna that this plaintiff was deceased:

"Wherefore, plaintiff prays this court to order and decree that defendant account to plaintiff for her interest as an heir in and to the estate of said Ann McKenna and in and to the property described herein; that this honorable court decree that said Julia Shaffray holds said property as a trustee for plaintiff herein,

and that, for such claim and interest in and to said real estate and estate of said Ann McKenna, plaintiff have a lien and interest in and to said real estate and property, or so much thereof as may be in plaintiff's possession, and for such other and further orders, judgments and decree as to the court may seem meet and proper in the premises.''

The demurrer is general and assigns as the sole ground that the said petition does not state facts sufficient to constitute a cause of action.

The court sustained said demurrer and plaintiff appealed.

1. The final judgment in favor of defendant in the trial court, after sustaining the demurrer to the third amerded petition, was in accordance with our statute on the subject. R. S. 1899, sec. 623. In the absence of any different showing we assume that at least two prior petitions had been adjudged insufficient in the manner described in that section; for we are bound to assume, that the trial court correctly acted, until a different state of facts is developed. State ex rel. v. Pohlman, 60 Mo. App. (St. L.) 444. Error must be affirmatively indicated. So we must inquire whether the ruling on the last demurrer was correct.

2. The proposition invoked by defendant, namely, that fraud for which equity will vacate a judgment must be some fraud in the very ''concoction'' thereof, and not merely in the substance of the case on which the judgment was pronounced, is sustained by several precedents in this State. Moody v. Peyton, 135 Mo. 482; Fears v. Riley, 148 Mo. 49.

Yet, on the other hand, a fraud by which a party, or one interested in a litigation, is prevented or debarred from asserting his rights therein, in such a way as to suffer injury, is remediable, according to our home authorities. Wonderly v. Lafayette County, 150 Mo. 635; Smoot v. Judd, 161 Mo. 673.

We consider that the allegations of this petition bring plaintiff's case within the last class mentioned. The alleged deceitful misrepresentations to the ad-

ministrator, whereby he was induced to make no defense in the former suit, are fully set forth in the petition, and they constitute a fraud against which equity will give relief.  That fraud is of the sort which can not escape investigation on account of the judgment of a court which it induced.  The administrator was misled into making no defense by the fraudulent misrepresentations alleged, and that amounted to fraud in the "concoction" of the judgment within the meaning of the aforesaid Missouri decisions on that subject.

3.   It is not necessary to inquire whether all the proper parties are before the court, as no such question was raised in the circuit court.  R. S. 1899, sec. 864.  The demurrer does not proceed upon any defect of parties, and any such objection was waived by failure to make it in the trial court.  R. S. 1899, sec. 602.

We are of opinion that the last petition of plaintiff states a case for equitable relief.  The judgment is reversed and the cause remanded.  *Bland, P. J.,* and *Goode, J.,* concur.