254 S.W.2d 260 (1953)
JONES
v.
JONES.
No. 27599.
St. Louis Court of Appeals, Missouri.
January 20, 1953.
Lee Claridge, St. Louis, for appellant.
No appearance for respondent.
BENNICK, Presiding Judge.
This is a suit in equity to set aside a divorce decree upon the ground of fraud in its procurement.
The plaintiff is James H. Jones, the former husband of defendant, Theresa Jones, who obtained the divorce from plaintiff in the Circuit Court of St. Louis County on September 26, 1947.
The instant suit to set aside the decree was instituted in the Circuit Court of St. Louis County on March 5, 1948.
In his petition plaintiff charged that defendant had separated from him on May 2, 1947, without just cause or excuse, and had instituted her action for divorce on the following May 26th. He then charged *261 that on or about July 8, 1947, without any further action or proceeding in the action for divorce, he and defendant had effected a reconciliation and had resumed cohabitation as husband and wife, fully forgiving and condoning all complaints or grievances which either might have had against the other, and that such cohabitation between him and defendant had continued in good faith until on or about July 13, 1947, when defendant had again left him and without any notice to him of her intention had prosecuted her pending action for divorce to a conclusion, of which fact he was not informed until after the expiration of more than thirty days.
There was the further allegation that plaintiff had had a good defense to the action for divorce in that he had not been guilty of the offenses charged against him, and that defendant was not an innocent and injured party so as to have been entitled to a divorce.
The gist of plaintiff's complaint was that defendant's failure to inform him of her intention to proceed with the divorce action, so that he might file his pleadings and properly prepare his defense, was a fraud upon him; and that her failure to inform the court that a reconciliation had been effected, and that cohabitation as husband and wife had been resumed while the action was pending, was a fraud upon the court and an imposition upon the processes of justice by inducing the court to assume jurisdiction without notice of facts to the contrary.
In her answer defendant denied that she had at any time cohabitated with plaintiff after the institution of her action for divorce; or that she and plaintiff had become reconciled; or that she had ever forgiven him or condoned his treatment of her.
She further denied that plaintiff had not been notified of the progress of her action for divorce, but charged on the contrary that after the service of summons upon him, he had employed counsel to represent him; that he had been notified by letter of the setting of the case on September 26, 1947; and that after the entry of the decree she had personally notified him of the granting of the divorce, and had demanded possession of her home in which he was still residing.
After hearing the case the court entered a decree in favor of defendant, dismissing plaintiff's petition. Following an unavailing motion for a new trial, plaintiff gave notice of appeal, and by further successive steps has caused the case to be transferred to this court for our review.
The question for determination on this appeal is whether the court erred in refusing to grant plaintiff the relief for which he prayed.
It is well established that equity has jurisdiction to grant relief against a judgment upon the ground of fraud in its procurement so long as the complaining party is able to show that he himself was free from fault, neglect, or inattention to his case. But for the fraud to have existed in the procurement of the judgment, it must have related, not to the propriety of the judgment itself, but to the manner in which the judgment was obtained. In other words, the fraud must have been extrinsic or collateral to the matters which either were or could have been presented and adjudicated in the original proceeding, and not merely intrinsic in the sense of having pertained to the merits of the cause upon which the judgment of the court was rendered. In short, it is not the province of this feature of equitable jurisdiction to afford the losing party a retrial of matters either tried or concluded by the original proceeding, but instead relief is limited to those instances where the fraud was of such a character as to have forestalled an opportunity for the fair submission of the controversy. Of such is the situation where the losing party to an action had a meritorious defense to interpose, but was prevented, without fault on his own part, from setting up his defense by reason of the fraud, deceit, or artifice of the successful party. In such an instance the fraud is to be regarded as having been perpetrated, not only upon the losing party, but upon the court as well, and if and when established constitutes a proper ground for equitable relief against the judgment. Jones v. Arnold, 359 Mo. 161, 221 S.W.2d 187; Fadler v. Gabbert, 333 Mo. 851, 868, 63 S.W.2d *262 121, 130; Tapana v. Shaffray, 97 Mo.App. 337, 71 S.W. 119; Sherer v. Akers, 74 Mo. App. 217, 224; 49 C.J.S., Judgments, § 372; 31 Am.Jur., Judgments, § 654.
It has already appeared that in the present instance plaintiff has sought to have the decree of divorce vacated upon such ground of equitable relief, that is, that the action of defendant in proceeding with her suit for divorce after the alleged reconciliation between her and plaintiff had been a fraud upon both him and the court for the reason that it had prevented a contest of the suit for divorce and in that sense had entered into the procurement of the decree.
One of the chief points of controversy between plaintiff and defendant had been with respect to plaintiff's continued occupancy of premises concededly owned by defendant at 4512 Rosewood Avenue in Pine Lawn, St. Louis County. Defendant had resided in the premises before her marriage to plaintiff; and after the marriage he had moved in with her, and the two of them had then lived there together until the separation in early May, 1947, when defendant left and took up her residence with some one or another of her friends and relatives. Plaintiff continued to live in the premises even after the divorce; and up until the time of the trial below he had resisted all demands that he deliver the property over to defendant.
Among the persons with whom defendant had lived at various times after her separation from plaintiff was a sister in Granite City, Illinois. Plaintiff's version of the facts was to the effect that he had made two trips over to Granite City to persuade defendant to return, and that in response to his second appeal she did return to him on Tuesday, July 8, 1947, and remained with him until the following Saturday, when she left on a pretended shopping trip and never came back again. He claimed that during the period of her return she had prepared his meals, and in all other respects had pursued the normal routine that had been observed before the separation.
Plaintiff testified further that after the service of summons upon him he had consulted a lawyer in Clayton with whom he had left the summons and accompanying petition, although he did not go so far as to employ this lawyer to represent him. Instead he employed an attorney in downtown St. Louis, but voluntarily dismissed him in July after defendant had allegedly resumed cohabitation with him for the period of four days. From that time on he had no communication with his attorney, nor did he himself make any inquiry whatever about the status of the divorce action after defendant had left on the second occasion. He complained that he had had no information from defendant that she was prosecuting her suit to a conclusion; and according to his testimony, the first advice he had that a divorce had been granted was upon receipt of a letter from defendant's counsel under date of November 1, 1947, some five weeks after the entry of the decree.
Even though relief may be had in equity against a judgment obtained by the extrinsic fraud of the successful party which has prevented the losing party from defending the action brought against him, it of course goes without saying that to have relief the losing party must show a state of facts and circumstances which would warrant the intervention of equity in his behalf.
In this case the avoidance of the divorce decree would not be justified from the mere fact that defendant might have returned and resumed cohabitation with plaintiff for the short period of time while her action for divorce was pending. Any condonation of the alleged offenses upon which her action for divorce was predicated would have been purely a matter of defense; and any concealment at the trial with respect to such condonation would have been intrinsic to the matters or issues concluded by the decree, and therefore of no avail as a ground for subsequent relief against it.
What plaintiff would have been required to show in order to prevail in the present proceeding would have been that defendant concealed some material matter which she had the duty to disclose to him, or else that she violated some express *263 agreement or definite assurance in connection with her action for divorce which had been made or given for the purpose of preventing his appearance to the action, and which had served its intended purpose by reason of his innocent reliance upon it.
But this he obviously did not do. There is no claim that defendant ever advised plaintiff that she was dismissing her action for divorce; or that the two of them ever had an express agreement to such effect; or that defendant ever took steps to trick or deceive plaintiff regarding her purpose after she failed to return from the pretended shopping trip, which itself would have been notice of the plainest sort that she did not intend to continue cohabitation. What plaintiff's own evidence did do was to convict him, not only of having made unwarranted assumptions regarding defendant's intentions, but also of having been guilty of gross inattention to the progress of the case; and even if his testimony were to be taken as true in regard to all matters in dispute, the conclusion would still be unavoidable that he had failed to show himself entitled to relief against the decree upon the ground of fraud in its procurement.
But beyond all this, and as an aded compelling reason why plaintiff is not entitled to prevail, is the fact that his evidence is not to be accepted as revealing the true state of facts regarding defendant's alleged resumption of cohabitation with him.
Defendant expressly denied that she had ever resumed cohabitation with plaintiff, or that he had called to see her in Granite City about July 7th as he had claimed. She admitted that she had visited the premises on Rosewood Avenue on a number of occasions after the action for divorce was filed, but insisted that all her visits were at times when plaintiff was away at work, and were purely for the purpose of obtaining articles of her clothing and other belongings which she had been compelled to leave inside the house at the time of the separation. As a matter of fact, she testified that plaintiff would not permit her to enter the house at any time when he was home. She admitted some little cleaning up both inside and outside the house on the occasions of her visits, but explained that whatever cleaning she did was only for the purpose of preserving the property of which she was concededly the owner. She testified emphatically that she had never given plaintiff any assurance that she had condoned his offenses towards her, or that her action for divorce would be dismissed. The situation presented is peculiarly one for the application of the rule of due deference on our part to the findings of the lower court on sharply conflicting oral evidence; and upon the basis of the facts detailed by defendant and her witnesses there could be no basis whatever for granting plaintiff relief against the decree.
It follows that the judgment of the circuit court should be affirmed, and it is so ordered.
ANDERSON, J., and HOLMAN, Special Judge, concur.