Magnolia MARTIN, Respondent,

v.

Charles Phillip MARTIN, Jr., Appellant.

No. 38049.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 22, 1977.

Motion for Rehearing and for Transfer
Denied April 15, 1977.

Ernest L. Keathley, Jr., St. Louis, for appellant.

Kero Spiroff, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Four years after the trial court had granted plaintiff-wife a divorce and child support defendant-husband sought to avoid payment by denying paternity. He has appealed from the trial court's refusal to grant relief.

In 1971 plaintiff sued for divorce alleging pregnancy. Defendant filed answer and appeared by counsel at trial but offered no evidence. By then a child had been born. The court granted child support to plaintiff and defendant made a few token payments.

By 1975 defendant was employed and plaintiff sought to enforce payment by garnishment. Defendant contended by his *coram nobis,* motion that he was not the child's father and plaintiff had perpetrated a fraud upon the court by having asserted his paternity. The court denied the writ and defendant has appealed.

■ Respondent-wife contends *coram nobis* can be granted only for *extrinsic* fraud leading to *procurement* of a judgment, and cannot be granted for *intrinsic* fraud touching the *merits* of the action. We agree.

Fraud in the procurement of a judgment (extrinsic fraud) warrants *coram nobis* to set aside a final judgment. But when the court has properly acquired jurisdiction over the parties and the subject matter, as here, fraud going to the merits of the action (intrinsic fraud) will not vitiate a final judgment.

The distinction between the effect of extrinsic and intrinsic fraud in *coram nobis* cases was explained by Judge Bennick in *Venegoni v. Giudicy,* 238 S.W.2d 17[1–3] (Mo.App.1951): ". . . The fraud against which a court of equity will relieve must have related, not to the propriety of the judgment itself, but to the manner in which it was obtained. By this we mean that the fraud must have been extrinsic or collateral to the matters which either were or could have been presented and adjudicated in the original proceeding, and not merely intrinsic in the sense of having pertained to the merits of the cause before the court and upon which the judgment of the court was rendered." The rationale of the principle was explained, again by Judge Bennick, in *Jones v. Jones,* 254 S.W.2d 260[1, 2] (Mo. App.1953): ". . . It is not the province of this feature of equitable jurisdiction to afford the losing party a retrial of matters either tried or concluded by the original proceeding, but instead relief is limited to those instances where fraud was of such a character as to have forestalled an opportunity for the fair submission of the controversy."

We applied this principle in *Head v. Ken Bender Buick Pontiac, Inc.,* 452 S.W.2d 596[6, 7] (Mo.App.1970), saying, "the fraud that vitiates a judgment is a fraud which goes to the procurement, not fraud relating to the merits of the action."

Here, defendant knew plaintiff had alleged his paternity. At the time of trial he had full opportunity to refute his paternity; instead, he acquiesced and later made a few child support payments as decreed. Only after the 1975 garnishment did defendant deny paternity. He does not contend plaintiff had exclusive possession of the facts, that he was tricked or that she made false or misleading statements to him. In short, defendant has ineptly relied on allegations of intrinsic fraud to annul a final judgment. The trial court properly denied his motion.

Judgment affirmed.

DOWD and WEIER, JJ., concur.