Herbert KOELLER, Respondent,

v.

Mary Ann KOELLER, Appellant.

No. 40916.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 9, 1979.

Earle B. Leadlove, James C. Brandenburg, St. Louis, for appellant.

Dana Hockensmith, Joseph P. Cunningham, III, Richard W. French, Hillsboro, for respondent.

REINHARD, Presiding Judge.

Appeal from the denial of wife's motion for writ of error coram nobis attacking a dissolution decree obtained by her former spouse upon service by publication and her subsequent default. We affirm.

The record of the hearing on the wife's motion discloses the following factual background. The parties, married in 1955, separated in November, 1975, when the husband left for California to find work. The husband returned to Missouri during May, 1976, at which time the last communication between the parties prior to the granting of the divorce decree took place. Both parties testified that they then spoke by telephone, that the husband (hereinafter, "respondent") was aware movant was then residing with her mother at 6814 Salzburger in the City of St. Louis, and that he was in possession of her telephone number at this address. In April, 1977, respondent filed a petition for dissolution of marriage alleging that his wife resided at 6814 Salzburger, St. Louis, Missouri. The sheriff of the City of St. Louis was directed to serve movant with a summons and a copy of the petition at this address. The sheriff's return, received in evidence, stated thereon "After due and diligent search the within named defendant Mary Ann Koeller cannot be found in the City of St. Louis, Missouri." [1]

Respondent testified that upon learning of the failure of the attempted service, he made some additional inquiry at the post office, but was unsuccessful in obtaining a true current address for movant. Subse-

---

1. The deputy also noted on the return: "Does not reside at this address per mother." Movant's objection to these comments as hearsay was sustained.

quently, application for service by publication pursuant to Rule 54.17 was made and granted. Movant defaulted, and a decree of dissolution in which respondent was awarded certain realty purchased by the parties was entered April 5, 1978. Shortly thereafter, respondent obtained movant's current telephone number from the bank at which the parties had maintained a joint safe deposit box. This contact with the bank was occasioned by his receipt of a letter from the bank threatening to break into the box for non-payment of rent. There was evidence that an identical letter directed to movant at her mother's address, sent certified mail, was returned to the bank unclaimed. Movant, however, did contact the bank subsequently, in response to an identical letter sent her at that address by regular, first-class mail, and left a telephone number with the bank corresponding to that address. Upon calling movant on or about April 29, 1978, at the number supplied by the bank, respondent discovered that the number corresponded to the mother's address. At the hearing below, movant maintained that she continually resided at that address at all times material to the case and that this fact was known to respondent.

Movant was told of the dissolution and the real property award during the April 29 conversation, and filed a motion to set the decree aside on May 16, 1978. Upon denial of that motion, the instant proceedings for a writ of error coram nobis were instituted.

At the hearing below, both parties appeared and fully tried the matter, principally upon the issues of the alleged fraud practiced by respondent both in obtaining service by publication and in obtaining the award of the real property through false testimony at the dissolution hearing as to his contribution to, and his wife's abandonment of, that property.

In its order denying the relief sought, the trial court found that movant failed to support her claim that she continually resided at the address in question with sufficient evidence to show a want or abuse of jurisdiction. Although the trial court also pointed out that the issue of fraud is not properly the subject of coram nobis proceedings, it nevertheless observed that movant had demonstrated no fraud on the part of respondent in procuring the decree of dissolution.

We begin our discussion of the issues by noting that the court below is essentially correct in its treatment of the fraud issue. The early Missouri cases held that relief from a judgment procured by fraud can only be granted in an independent suit in equity to set the objectionable judgment aside, and that the issue of fraud is not properly raised nor treated under a motion for writ of error coram nobis, *Vorhauer v. Sweeney,* 217 S.W.2d 985, 987 (Mo.App.1949). The proper issue in coram nobis has commonly been held to be only whether there has been an erroneous assumption of fact or other mistake, extrinsic to the record, and on which the court's jurisdiction or right to proceed depends, and which, if known, would have prevented the entry of the judgment, *Sigwerth v. Sigwerth,* 299 S.W.2d 581, 585 (Mo.App.1957). However, in the later cases, the courts have been more liberal, and such formal distinctions have recently been blurred in Missouri *sub silentio.* See *Martin v. Martin,* 549 S.W.2d 542 (Mo.App.1977), where fraud issues were treated in a coram nobis proceeding without comment. In any event, we adopt the principle announced by certain federal courts, to the effect that "the name or the form of proceeding is not of controlling importance; *provided,* it affords adequate opportunity for interested parties to support and to contest the relief sought— This opportunity includes the necessary elements of due process such as sufficient notice, production of evidence and proper hearing in other respects," *American Insurance Co. v. Lucas,* 38 F.Supp. 926 (W.D.Mo. 1941). Here the requirements of due process have been met and, indeed, the parties proceeded under the assumption that fraud was the crucial issue. Accordingly, we will consider this issue on the merits as if raised in an independent proceeding in equity.

■ Relief can only be granted here for extrinsic fraud leading to procurement of the judgment and cannot be granted for intrinsic fraud touching the merits of the action. *Martin v. Martin, supra.* Any contention as to fraud and false testimony touching the award of marital property in this action could not be considered. Therefore, we do not consider movant's contention that respondent lied in his testimony at the dissolution hearing regarding the real estate. This involves a matter either tried or concluded in the original action, and, as such, is an allegation of intrinsic fraud. *Venegoni v. Giudicy,* 238 S.W.2d 17 (Mo. App.1951). A court of equity will, however, grant relief when fraud goes to the manner in which a judgment was obtained. *Jones v. Jones,* 254 S.W.2d 260 (Mo.App.1953). Movant contends that plaintiff fraudulently obtained service by publication because plaintiff was aware of her address.[2] In order to obtain service by publication the plaintiff was required to make an affidavit attesting to the fact that his wife's address was unknown. Rule 54.17.

■ Movant relies on *Coleman v. Coleman,* 277 S.W.2d 866 (Mo.App.1955), wherein the plaintiff obtained service by publication based upon defendant's alleged non-residency. In that case, the *trial court* set aside the decree of divorce on the ground of fraud. There was substantial evidence of contact between the parties and that the plaintiff knew of defendant's whereabouts. Here, there was no direct contact for approximately one year prior to the filing of the suit. Respondent initially alleged that movant lived at the address she now claims as hers. Service was attempted at that address with a *non est* return. Furthermore, respondent produced evidence of non-acceptance of certified mail sent to movant at her mother's address. This evidence is consistent with an intention by movant to conceal her whereabouts until it no longer served her purpose to do so.

■ The burden of proof is on the movant to establish that service by publication,

and hence jurisdiction to proceed, was fraudulently procured. She must prove the same "by clear, strong, cogent and convincing evidence leaving no room for reasonable doubt of its existence", *Coleman v. Coleman,* 277 S.W.2d 866, 869 (Mo.App.1955).

Movant has not fulfilled that burden, and applying the standard of review set out in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.App. 1976) we decline to disturb the trial court's conclusion that no fraud was involved in the procurement of the decree.

Finally, we note that respondent has included in his brief on appeal a paragraph seeking relief in the nature of a motion for damages for frivolous appeal. While we question the procedural sufficiency of this means of raising the issue, we take cognizance of the matter so far as to note that no suggestions or authority are presented in support of the motion, if motion it be, and it is hereby denied.

The order entered below denying the motion for writ of error coram nobis is affirmed.

GUNN and CRIST, JJ., concur.

---

2. Movant makes no challenge as to the sufficiency of the publication or its effect on the dissolution or the distribution of the marital property.