In re the MARRIAGE OF Jerry Lee
BARTLETT, Petitioner-Appellant,

and

Mary Colleen Bartlett, Respondent.

No. 13063.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 31, 1984.

David F. Williams, Springfield, for petitioner-appellant.

John K. Allinder, Desselle, White, Allinder & Grate, Independence, for respondent.

GREENE, Chief Judge.

This appeal by Jerry Lee Bartlett (Jerry) is from final orders of the Circuit Court of Greene County sustaining Mary Colleen Bartlett's (Mary) motions to set aside portions of a dissolution decree entered in

April of 1980, to find Jerry in contempt for failure to pay child support, and to modify the original judgment by awarding her additional maintenance in gross, and attorney fees.

The trial court, after hearing evidence, found Jerry in contempt of court for fialure to pay child support as ordered, and sentenced him to a year in jail, suspended upon the condition that Jerry pay $150 every two weeks into court until he caught up on the original child support award, on which he was $3,300 in arrears. The trial court also found that Jerry was $1,572.50 in arrears in payments of the maintenance in gross award in the original decree and gave Mary judgment in that amount. Finally, the trial court set aside the property settlement agreement incorporated in the original decree for the reason that the property settlement agreement was obtained by fraud, reinstated and reaffirmed the division of marital property and debts contained in the original decree, granted Mary a maintenance in gross of $9,900, which was $7,500 more than the original award, $1 a year periodic maintenance, $1,900 attorney fees, and taxed the costs against Jerry.

On appeal, Jerry contends that the trial court erred in sustaining Mary's motion to set aside those portions of the original decree relating to the property settlement agreement on the grounds of fraud in the procurement of the property settlement agreement because there was no substantial evidence to support the trial court's order, and that the order sustaining Mary's motion was against the weight of the evidence.

Substantial evidence before the trial court showed the Bartletts were married in May of 1968. Two sons were born to the marriage. The parties resided in Clovis, New Mexico, where he was stationed as a member of the Air Force. In August of 1979, Jerry left the home and came to Missouri, where he filed a petition to dissolve the marriage. Mary had no idea he was going to do so, and remained in New Mexico with the children. Prior to the separation, the parties had purchased a home in Clovis, using $15,365.02 borrowed from her mother as a payment on the purchase price and to pay off existing debts. This debt was evidenced by a promissory note signed by Jerry and Mary, in the sum of $15,000 payable to her mother. After the dissolution action was filed, Mary contacted a Missouri attorney to represent her. She advised him she wanted custody of the children, child support, "support for me while I was going to school, condition that if something should happen to me, that I could not earn a wage, that he would support me, and that the property be divided."

There were several proposed separation agreements. Finally, Jerry showed up at Mary's home in New Mexico one night about 9 P.M. and told her that if she did not sign the agreement he brought with him, he would sue for custody of the children. She did not understand the provisions of the agreement, but signed it anyway because of fear that she might lose her children if she did not. She would not have signed the agreement if she had known the Missouri court had no jurisdiction over matters concerning the children, or if she had known that Jerry had no intention of fulfilling his obligations contained in the separation agreement.

Those obligations included payment of $150 per month per child, or a total of $300 a month, as child support, $2,400 maintenance in gross, payable at the rate of $50 per month for 48 months, $1 a year periodic maintenance, which could be increased only if she became sick or disabled, and recognizing that he and Mary were equally liable in the amount of $15,000 on the promissory note signed by the two of them made payable to her mother. In regard to this last matter, his obligation was that when any payment was made on the note by Mary, Jerry was to pay an equal amount. The property settlement was dated April 24, 1980, and the dissolution decree, incorporating the property settlement agreement, was entered five days later.

Jerry admitted on deposition that at the time the agreement was signed that he could not make the maintenance payments he agreed to make, and admitted at trial

there was no way he could pay his one-half of the note obligation if Mary paid off her half in a lump sum, which she did. He further testified that he did not comply with the terms of the separation agreement.

Jerry went back to college, married again, and had another child. He paid Mary child support for two months, as the decree provided, and payments on the maintenance in gross for two months, and then ceased paying either. She later garnished his wages to obtain extra money for amounts due for child support and maintenance. He kept current on his house rent and car payment. When informed that Mary had paid her share of the amount due of the note, he filed for and received a discharge in bankruptcy. Debts to be discharged included the amount he owed Mary's mother, thus leaving Mary liable on the note for his share.

In Missouri actions in equity to set aside judgments procured by fraud have received court approval for many years. *Jones v. Jones*, 254 S.W.2d 260, 261 (Mo.App.1953). This doctrine has been applied in dissolution actions where a husband, by misrepresentations, or coercion, has caused the wife to enter into a property settlement agreement that is not equitable or prevents her from contesting his claim as to what is a fair settlement. *Daffin v. Daffin*, 567 S.W.2d 672, 678–679 (Mo.App.1978).

The record here shows that the husband left the state of New Mexico where the parties resided, went to Missouri to file a dissolution action without advising his wife of his intentions, left her without funds to go to Missouri and contest the action, brought the separation agreement to New Mexico late at night, threatened a custody fight if the wife did not sign the agreement, promised the wife that if she would make certain concessions regarding maintenance he would pay certain marital debts, failed to pay those debts, promised to pay certain sums for child support, maintenance, and debt payment when he knew it was not possible to keep those promises, and

took bankruptcy when faced with legal action to compel him to keep his promises.

This course of conduct on the part of the husband was substantial evidence, actual and circumstantial, of fraud in the procurement of the separation agreement by the husband. The trial court did not err in sustaining the wife's motion to set aside the property settlement agreement, and those portions of the dissolution decree relating to maintenance.

The wife's motion to modify the dissolution decree was also sustained by the trial court, as was the motion to hold the husband in contempt. Neither of those orders is challenged here by the husband, nor is the modified judgment of the trial court, on any grounds, other than the contention that the original property settlement agreement, and the decree incorporating it, should stand due to the wife's failure to show fraud in the procurement of the settlement agreement. This contention was disproved by Mary at trial through substantial evidence showing that the separation agreement was procured by fraud.

The orders and judgment of the trial court are affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.