GOLDING v. GOLDING, *Appellant.*

**Divorce**: ALIMONY; ST. LOUIS COURT OF APPEALS.  In divorce cases coming from the St. Louis court of appeals, the Supreme Court has no jurisdiction to pass upon the question whether the decree of divorce is justified by the evidence; but if there be a decree for alimony to an amount exceeding $2,500, the Supreme Court may inquire into its propriety in respect to the amount.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*C. F. Moulton* and *G. Y. Overall* for appellant, argued that the right to appeal from the money judgment for alimony could not be questioned, that the plaintiff's right to have any alimony at all depended upon her right to have a divorce, and that in contesting the judgment for alimony, defendant had the right to go to the full extent of showing that plaintiff was not entitled to the divorce.

*Noble & Orrick* for respondent, argued that there was no right of appeal; that that clause of section 12, article 6 of the constitution which permits appeals in cases where the "amount in dispute exclusive of costs, exceeds $2,500," had no application because the divorce was the matter in dispute, and the alimony was but an incident to the dispute.  Clearly, the class of cases designated by that portion of the section, referred to suits for money, and where the main controversy was for money.

NORTON, J.—This case is before us on an appeal from the judgment of the St. Louis court of appeals, affirming a judgment of the circuit court of St. Louis county granting a decree of divorce to plaintiff and allowing to her, as alimony, the gross sum of $15,000.  This court has no jurisdiction in divorce cases, when brought here by appeal from the St. Louis court of appeals, to pass upon the question whether the decree granting a divorce is justified by

the evidence. § 12, art. 6 of the Constitution. When, however, a decree for alimony is also made and a judgment rendered for an amount in excess of $2,500, we are authorized by said section, on an appeal from said court, to look into the propriety of such decree in respect thereto.

The decree for alimony in this case being in excess of $2,500, the only question to be determined is, whether the sum allowed was either unwarranted or excessive. Section 2179, Revised Statutes, provides that "when a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife     *     *     as from the circumstances of the parties and the nature of the case shall be reasonable." Section 2180, provides that "upon a decree of divorce in favor of the wife, the court may, in its discretion, decree alimony in gross or from year to year." The decree is not, therefore, objectionable because the alimony was allowed in gross, nor do we think it open to the objection that it is for an excessive amount, considering the circumstances of the parties. It appears from the evidence that defendant is a well qualified and skillful physician, and that during his marriage, except for the year preceding the institution of this suit, he derived from his practice an annual average of $3,000. It further appears that he held, under deeds, property, after deducting incumbrances, of the value of about $75,000, and that this property came through his wife. Under these circumstances we think the alimony allowed is neither unreasonable nor excessive. Judgment affirmed. All concur.