EDWARD T. PIKE v. MILDRED W. PIKE.—193 S. W. (2d) 637.

Kansas City Court of Appeals. April 1, 1946.

*Marcy K. Brown, Jr.,* for appellant.

*Lewis W. Sanders, Henry Depping* and *Hogsett, Trippe, Depping & Houts,* for respondent.

658

DEW, J.—This is an appeal from a special order of the trial court, after final judgment, overruling appellant's motion designated as a motion in the nature of a writ of error *coram nobis*, to set aside a decree of divorce previously rendered in her favor on her cross petition.

According to the agreed and approved statement of the case on appeal, the respondent, plaintiff below, husband of appellant, filed divorce proceedings against appellant on March 3, 1938. Personal service on appellant was duly had, and all proper jurisdictional allegations and statutory affidavit were contained in the plaintiff's petition therein. We shall refer hereafter to the respondent and appellant as the plaintiff and defendant, respectively as they appeared in the trial court.

On May 20, 1938, defendant filed answer, specifically entering her appearance, admitting the marriage on February 2, 1918 at Hartford, Connecticut, and admitting that they continued to live together thereafter as husband and wife until Februay —, 1938, but denying all other allegations of the plaintiff's petition. For further answer and by way of cross petition, defendant alleged, in effect, that the plaintiff, without good or sufficient cause, "left defendant and his home in Kansas City, Missouri", and has since repeatedly said to defendant that he did not care for defendant as his wife and declined to "return to the home an live at such home" as her husband; that such conduct and refusal has become known to defendant's friends, acquaintances, and others, and she has thereby been humiliated and subjected to embarrassment and ridicule, intolerable suffering and grief, impairment of health, and that such condition of mental cruelty has become intolerable, because of which she will be forced to leave Kansas City and return to the eastern part of the United States, where she has always lived until coming to Kansas City "a year ago". She prayed that plaintiff's petition be dismissed and that defendant be awarded a decree of divorce.

On May 20, 1938, plaintiff filed a reply, admitting the marriage and that there were no children, and denied all other allegations in the answer. Plaintiff consented to immediate trial. On the same day the cause was heard. Plaintiff appeared by counsel and defendant

appeared in person and by counsel. Plaintiff thereupon dismissed his petition, and evidence was heard on defendant's cross petition. The evidence consisted only of defendant's testimony. Character witnesses were waived. The court found the allegations of defendant's cross petition to be true, and that she was the injured and innocent party, entitled to the relief prayed for by her in said cross petition, and awarded to defendant a decree of divorce as prayed ''freed forever from the obligations'' of said marriage.

No further proceedings were had in said cause until more than three years and four months thereafter when, on September 24, 1941, defendant filed therein a motion to set aside the decree of divorce so awarded to her on her cross petition, for the alleged reason that the court, neither at the time of the hearing nor at the time of awarding to her said decree, had jurisdiction of said cause upon the pleadings or evidence, to render such decree. As grounds for said motion she allege therein that her cross petition, on its face, failed to state any necessary jurisdictional averments as to required residence in Missouri; that her cross petition failed to state that plaintiff had been guilty of such cruel treatment as to endanger her life, and failed to state that plaintiff had offered her such indignities as to render her condition intolerable, and failed to state facts sufficient to allege that defendant was the innocent and injured party. The motion charged that the court in said proceedings had assumed the foregoing facts to exist when they did not exist, and failed to investigate and determine the same in the rendition of the decree. The motion further alleged that in fact defendant was not a resident of Jackson County, Missouri one whole year next before the filing of her cross petition. The prayer of the motion was that the decree be set aside and held for naught.

The above motion was argued and submitted to the trial judge before whom the divorce proceedings were had, who took the same under advisement, and did not pass upon it during his term of office. It was later submitted to the succeeding trial judge by stipulation, on the record, briefs, and transcript of the evidence. It was also stipulated that the defendant did not ''take up residence in Jackson County, Missouri until July 3, 1937''. The motion was thereafter on February 12, 1945, overruled; motion to set aside the last ruling of the court was thereafter overruled. Appeal was thereupon taken by the defendant to this court.

The points relied upon by defendant are, in substance, that (1) upon the face of the record, the trial court lacked jurisdiction to grant the defendant a decree of divorce; (2) that the cross petition did not state facts sufficient to constitute a cause of action by defendant against the plaintiff; (3) that the court assumed the jurisdictional facts to exist, when in fact they did not exist, and proceeded therein and entered said decree in the absence of such facts, and failed to investigate or ·

determine the same, and hence the decree was void; said jurisdictional facts not existing in the record being that of residence required by statute to be pleaded, and the allegations of grounds for divorce, and of facts showing defendant to have been the innocent and injured party, and (4) failure of proof of all of such jurisdictional facts.

The substance of defendant's testimony, which was all the evidence heard in the cause, was as follows: she lives at 67 Janssen Place, Kansas City, Missouri. Before coming to Kansas City she resided in Hartford, Connecticut. She was married to the plaintiff February 2, 1918, and they had lived together as husband and wife until February —, 1938. On March 3, 1938 the plaintiff left the house. Plaintiff is in the insurance business in Kansas City in the capacity of manager of a local office, which position he had come to Kansas City in 1938 to assume, and has been so employed ever since. Plaintiff has become very nervous and "obstreperous" in his attitude toward defendant. He is very busy and his business comes first with him. Defendant has talked with him many times about returning to the home, but without avail. Plaintiff claims his health is bad. The attitude of the plaintiff toward defendant has been depressing to defendant in her nervous condition. Defendant feels the situation is hopeless, and that she must return to her own people. Plaintiff gave no excuse for leaving. The separation has been very humiliating to the defendant among her friends, and her condition has become intolerable. There were no children born of the marriage. Plaintiff and defendant have entered into an "agreement", contingent upon the court granting a divorce, on which agreement, she stated, she was relying. The good reputation of defendant was admitted and character witnesses waived.

Thus we have a situation wherein, in the absence of any allegations of fraud upon the court or upon the parties, the plaintiff husband, against whom a decree of divorce was granted, is appearing to uphold the validity thereof, and the defendant, to whom the decree of divorce was granted upon her cross petition, is appearing over three years thereafter to question the validity of her decree, and is asking that the same be set aside.

Section 1517, Revised Statutes Missouri 1939, (Sec. 1353, R. S. Mo., 1929), provides that no person shall be entitled to a divorce who has not resided within this state one whole year next before the filing of the petition, unless the offense or injury complained of was committed within this state or whilst one or both of the parties resided within this state. Section 1516, Revised Statutes Missouri 1939, (Sec. 1352, R. S. Mo. 1929), permits the defendant in a divorce action to set forth in his or her answer any of the facts specified in Chapter 8, Article III, R. S. Mo., 1939, (Chap. 7, Art. III, R. S. Mo. 1929), which, if proved, would entitle such defendant to a divorce, and such party may pray the court, for the causes stated in the answer, for a divorce

decree, and that if the court is satisfied the defendant is the injured party, it may enter judgment divorcing defendant from the plaintiff. The cross bill is considered in the same light and is governed by the same rules as affect and govern the petition. [Butler v. Butler, 252 S. W. 734.]

Section 1514, Revised Statutes Missouri 1939, (Sec. 1350, R. S. Mo. 1929), sets forth the causes for which a divorce may be granted in this state, among which are that the husband or wife shall be guilty of such cruel or barbarous treatment as to endanger the life of the other, or shall offer such indignities to the other as shall render his or her condition intolerable, or has absented himself or herself without reasonable cause for the space of one year.

As to the jurisdictional requirements provided by the statutes aforesaid, a petition for divorce, or a cross bill therefor, must contain sufficient allegations to comply with the requirements of the statute either that the offenses complained of were committed within this state, or while one or both of the parties resided therein, or that the party asking for a divorce has resided within the state one whole year next before the filing of the petition, or the cross petition, as the case may be. Gordon v. Gordon, 128 Mo. App. 710, 707 S. W. 410, and cases therein cited.

Defendant, in her cross petition, did not allege that she had resided in this state one whole year next before the filing of her cross petition and, if the same is made unnecessary it must appear from her cross petition that the offenses complained of therein took place in Missouri, or while either she or plaintiff resided therein. Likewise, if in the proof of residence requirements it is not shown that she has resided in this state one whole year next preceding the filing of her cross petition, then the evidence must show that the offenses of which she complained took place in Missouri, or while plaintiff or defendant resided therein.

Concerning the pleading, the defendant, in her cross petition, pleads the marriage and that they had lived together as husband and wife from 1918 to within two months prior to the filing of the cross petition, and that on March 3, 1938, without good cause, plaintiff "left this defendant and his home in *Kansas City, Missouri*, and has repeatedly said to defendant since that he does not care for her as his wife, and has repeatedly declined the request of defendant that he return to *the home* and live at *such home* as the husband of defendant". She then pleads the consequent humiliation and embarrassment, health impairment and intolerable condition of her life, whereupon she alleges that because of the foregoing, she will be forced to leave Kansas City and return to the eastern part of the United States where she has always lived until coming to Kansas City *a year ago*".

We are of the opinion that such allegations are sufficient to meet the requirement of the statute, rendering unnecessary a residence in

this state for one whole year next preceding the filing of her cross petition, and rendering it unnecessary so to plead, in that it effectually states that the offense or injury complained of was committed within this state, or while the plaintiff or defendant resided therein.

As to the proof of said residential requirements, defendant stated that she, at the time she filed her cross petition and on the date of the hearing, lived at 67 Janssen Place, Kansas City, Missouri, and that before coming to said city her place of residence was at Hartford, Connecticut; that she and her husband had lived together as husband and wife until the preceding February; that on March 3, 1938, "he left the house"; that the plaintiff had come to Kansas City in 1937 and had taken the position which he still occupied in Kansas City; that as to maintaining a home, "he is a rather busy man and business comes first with him"; that he gave no reason for leaving "such home". We believe this proof, with its reasonable inferences, was sufficient to establish the fact that the offenses complained of took place within the state of Missouri, or while the plaintiff or defendant resided therein. It is not here in dispute that at the time of the filing of her cross petition she was a resident of Jackson County, Missouri.

Some principles of law should first be considered concerning a motion in the nature of a writ of *coram nobis*. It cannot "reach matters of fact known, or which by the exercise of reasonable diligence could have been known, to or by the party making the application at the time of the court's error". It is not "intended to authorize any court to review and revise its opinions; but only to enable it to recall come adjudication, made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court. . . . This writ does not lie to correct a fact which appears upon the face of the record, but only to correct an error of fact which did not appear in the record". [State v. Stanley, 225 Mo. 525, 125 S. W. 475; Marble v. Vanhorn, 53 Mo. App. 361, l. c. 364; Asbell v. The State, 62 Kans. 209, 214; Sanders v. The State, 85 Ind. 318, 326; Reed v. Bright, 232 Mo. 399, 411, 134 S. W. 653.]

"Consent of parties cannot give jurisdiction; but parties may admit the existence of facts which show jurisdiction and courts may act judicially on such admissions and their action be binding and effective". [Hadley v. Bernero, 103 Mo. App. 549, 78 S. W. 64.]

See, also, Kings Lake Drainage District v. Winkelmeyer, 62 S. W. (2d) 1101.

"As a general rule, the party obtaining a divorce decree will not be relieved therefrom upon his application to set it aside, upon the broad principle that, having induced the court to render the judgment, he is estopped from afterwards attacking it, except, of course, for fraud upon himself, mistake, or surprise". [60 L. R. A. 307.]

The grounds for jurisdiction and the grounds for divorce need not be pleaded in the exact words of the statute, although the same effect must positively appear. It is true that the cross petition in this case is very unskillfully drawn, requiring the court to study its entirety to find the jurisdictional element of residence, or the facts making certain allegations thereof unnecessary. . Likewise, the proof as to such matters consists largely of inferences, rather than direct evidence. But as against the motion under consideration, we hold that the pleading and proof of the grounds for jurisdiction and grounds for divorce substantially complied with the statutes, considering the same in the most favorable light, as we are required to do on the question of their legal sufficiency as a matter of law. Under the pleadings and proof, the court was not required to make any specific findings as to the defendant's residence.

The further point is made that defendant is guilty of laches and thereby estopped to question the court's jurisdiction to grant her the decree of divorce for which she applied and which was granted her more than three three years previously. The writ in the nature of a writ of error *coram nobis* is discretionary. [State v. Wallace, 209 Mo. 358, 108 S. W. 542, 34 C. J. 399, Sec. 622.] It is to the public interest that all doubt of the validity of a divorce decree be settled as promptly as possible. Delayed action may involve legality of a subsequent marriage and possible legitimacy of children. It may unduly unsettle title to real estate and contractual rights. The possible vice of disturbing the finality of a divorce decree by dilatory action to meet the changed mind, attitude or purpose of a party thereto, is illustrated by the case of Westerman v. Westerman, 121 Kans. 501. Plaintiff in that case had divorced a former husband in Kansas and, within a few days thereafter, she went with Westerman to Liberty, Missouri, where they were married. The law of Kansas prohibited divorced parties from remarrying within six months from the date of the decree, and made the violation thereof a crime. When Westerman learned of the provisions of the Kansas law it was agreed that the plaintiff would bring a suit in Kansas to annul the marriage to Westerman. This was done and Westerman answered and plaintiff defaulted. Upon hearing of the cause, the Westerman marriage was annulled. Property rights were adjusted and plaintiff obtained $17,000 from Westerman. Two years later Westerman died, purported worth a half million dollars. Three years thereafter plaintiff filed her motion to vacate the decree of annulment for which she had previously brought suit, as aforesaid. In her motion she claimed the annulment proceedings had been brought without her knowledge and consent. The motion was denied.

In State ex rel. Kennedy v. Hogan, 306 Mo. 580, 267 S. W. 619, where a wife, duly served therein, over two years after the decree, without appeal or writ of error, sought by *certiorari* to question the

default divorce decree against her on the ground that her husband's petition did not show jurisdiction in the trial court, the court held that she had "slept upon her rights" and was guilty of laches, saying at page 589 (Mo.):

"So we are asked by relator to face the anomalous situation of declaring void a judgment or decree of an inferior court entered of record after personal service of summons has been had on the defendant therein, and where the plaintiff, relying upon the presumption of right action and jurisdiction of the trial court, has re-married, with the possibility of issue having been born of the second marriage. In other words, relator asks this court to brand her former husband and his second wife as open adulterers, and to cast a stigma upon their off-spring, if such there be, now or hereafter born. And this, when by prompt and seasonable action taken by appeal or writ of error, relator might possibly have prevented the re-marriage of her former husband and have averted the serious and far reaching consequences which will necessarily follow the quashing of the divorce proceedings. We think relator has slept upon her rights. She is guilty of laches".

In the case at bar defendant is not even attacking, by her delayed motion, a decree adverse to her, but one for which she herself formally applied to the court by cross petition, and which she obtained by her own sworn testimony. The decree provided for the dissolution of the marriage relation with her husband plaintiff, "freed forever from the obligations thereof". By reason of the proceedings, an agreement (presumably a property agreement) had been entered into between her and her plaintiff husband at the time of the trial upon which she testified that she was relying, and for more than three years following the decree, she has accepted the benefits of said judgment and settlement without questioning the jurisdiction of the court to grant the same. Under these facts, and in consideration of the public interest involved in the stability of divorce decrees, we believe that the defendant has been guilty of laches and is estopped from raising the question here presented.

In view of the foregoing, the order of the trial court overruling the defendant's motion in the nature of a writ of error *coram nobis* was proper and is hereby affirmed. All concur.