**Connie GOMEZ, Appellant,**

v.

**Henry L. GOMEZ, Respondent.**

No. 47401.

Supreme Court of Missouri,
En Banc.
June 13, 1960.

Haskell Imes, Roy W. Brown, Blackford, Imes, Compton & Brown, Kansas City, for appellant.

Kenneth L. Gottschall, Kansas City, for respondent.

HOLMAN, Commissioner.

■ Plaintiff has appealed from an order and judgment of the circuit court wherein, upon motion of defendant, the court set aside a decree of divorce previously granted to plaintiff. As a part of the divorce decree the court had entered judgment for plaintiff for $10 per week as child support and $8,000 alimony in gross. Since the judgment appealed from set aside a judgment for plaintiff against defendant in the sum of $8,000, we have appellate jurisdiction because the amount in dispute exceeds the sum of $7,500. Article V, § 3, Constitution of Missouri 1945, V.A.M.S.

On February 16, 1957, plaintiff filed her petition for divorce in the Circuit Court of Jackson County, Missouri. Defendant was

personally served with a summons and copy of the petition in Jackson County on February 25, 1957, but failed to file any pleading within the time provided therefor. On April 30, 1957, plaintiff appeared in Division 2 of the Jackson County Circuit Court and, after hearing the testimony of plaintiff and her character witnesses, the court entered the judgment and decree heretofore described.

The motion to set aside the aforementioned judgment was filed by defendant on August 14, 1958. The grounds specified in the motion involved two separate theories as a basis for the relief sought. The first is contained in paragraph one which reads as follows: "That the court had no jurisdiction of this divorce action inasmuch as plaintiff did not prove she had been a resident of the State of Missouri one whole year next before the filing of plaintiff's petition for divorce." The second theory sought relief in the nature of writ of error coram nobis and is based upon the allegations (in paragraph two of the motion) that at the time the judgment was entered defendant was "a totally paralyzed person without funds and without financial ability to employ counsel to represent him, and without the physical ability to attend court * * * and plaintiff knew of defendant's condition and financial circumstances at the time of trial when said decree was rendered and did not advise the court of defendant's condition, and which facts, if the court knew, would not have rendered such judgment." At the time of the oral argument of this appeal defendant's counsel conceded that defendant was not entitled to any relief on the basis of the allegations in the second paragraph of his motion. In that connection, it should be stated that the action of the trial court in setting aside the judgment was based upon the ground "that there was no showing that the plaintiff had resided in the State of Missouri for more than one whole year next before the filing of the petition and that the petition fails to allege that the acts complained of were committed in the State of Missouri.

Under these circumstances, the court was without jurisdiction to render judgment." In view of the foregoing, we will make no further reference to paragraph two of defendant's motion.

■ The applicable portion of Section 452.050 (all statutory references are to RS Mo 1949, V.A.M.S.) reads as follows: "No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the state one whole year next before filing of the petition, unless the offense or injury complained of was committed within this state, or while one or both of the parties resided within this state. * * *" There was no allegation or proof that the offense complained of was committed within this state and we will therefore consider only the statutory requirement concerning residence. In accordance with the quoted statutory provision, it is well settled that "Residence within the state for a year next preceding the institution of the suit, is in all but the excepted cases a jurisdictional fact which must be averred and proved * * *." Hansford v. Hansford, 34 Mo.App. 262, 270.

Plaintiff's verified petition for divorce alleged "that she is a resident of Jackson County, Missouri, and has resided in said county and state continuously for one whole year next preceding the date of the filing of this petition." The divorce decree contained the following recital: "* * * and after having heard the evidence the court finds that the allegations in plaintiff's petition are true; that plaintiff is the injured and innocent party and entitled to the relief prayed." However, the transcript of the evidence adduced at the divorce hearing does not contain any testimony to the effect that plaintiff had resided within the State of Missouri one whole year next before the filing of her petition. The only testimony appearing in the transcript which relates to plaintiff's residence is the following: "Q. Have you been a resident of Jackson County, Missouri, and have resided in said county and state continuously since the filing of this proceeding? A. Yes, sir."

The defendant contended in the trial court, and contends here, that plaintiff failed to prove the jurisdictional fact of residence as required by the statute and hence the judgment in question was wholly void.

At the outset it should be made clear that plaintiff was, in fact, a resident of Jackson County, Missouri for several years prior to filing her petition for divorce. Upon the hearing of defendant's motion plaintiff testified that she had lived in Kansas City, Missouri, continuously since August 1951. She also testified that she had remarried after the divorce decree had been granted and was pregnant at the time of the hearing. Defendant, at that hearing, testified as follows: "Q. Mr. Gomez, isn't it true that your wife, that is, your ex-wife, Connie, was a resident of the State of Missouri one whole year before, next before, the filing of her divorce petition in this case? A. Yes." The case before us, therefore, is not one in which there is any contention that plaintiff committed any fraud upon the court but is one where it is said that the decree is void because the transcript of the testimony fails to disclose proof of the fact of plaintiff's residence for the required period preceding the filing of her petition, it being admitted that she had, in fact, complied with said residential requirement.

It is plaintiff's position that since her petition specifically alleged the fact that she had resided in Jackson County, Missouri for one whole year next preceding the filing of her petition, and since the judgment recited that "after having heard the evidence the court finds the allegations in plaintiff's petition are true," that recital and finding "is presumed to be true and correct and imports absolute verity unless contradicted by other parts of the record, 49 C.J.S. Judgments § 437, p. 869, of equal dignity and importing equal verity as the judgment." Wenzel v. Wenzel, Mo.App., 283 S.W.2d 882, 888. In that connection she has taken the position that the transcript of the testimony taken at the divorce hearing is not a complete and accurate transcript of the testimony adduced at that time. At the hearing of defendant's motion she presented a number of witnesses in support of that contention. Roy W. Brown, plaintiff's attorney in the divorce hearing, testified that he followed the wording of the allegations in the petition in phrasing the question relating to her residence. Upon that issue plaintiff testified as follows: "Q. Did you, and were you asked at the time of the original trial if you had been a resident of the State of Missouri one whole year next preceding the filing of your divorce decree? A. I think that I was." The court reporter who reported the testimony at the divorce hearing was called as a witness. She testified that she had had six years' experience "all told" and had been the official reporter of Division 2 for three years. She admitted that she had trouble taking down the testimony "when someone talks very rapidly" and "when two people may be talking at once" but in this instance her "notes are very clear, and I don't think that I failed to transcribe correctly your question of the witness."

Preliminary to a discussion of the specific question involved there are certain general observations that should be made. (1) The circuit court is a court of general jurisdiction and has "jurisdiction in all cases of divorce and alimony." Section 452.040. (2) The circuit court had jurisdiction of the parties to this action because, as stated, defendant had been properly served by personal service. (3) The trial court was possessed with the jurisdiction to proceed with the hearing of the divorce case in question because the petition contained the required allegation concerning plaintiff's residence. It therefore appears that the sole question involved is whether the trial court had the jurisdiction to enter the particular judgment it did enter at the conclusion of the divorce hearing. The contentions of each party in that regard have been briefly stated heretofore.

Upon the whole record before us we have concluded that the trial court erred

in setting aside the judgment and decree it had previously entered. We are supported in that conclusion by a number of rules that are well established in this state and elsewhere. We are at once impressed by the rule that "In the absence of proof to the contrary, there is always a presumption of jurisdiction and right action by a court of general jurisdiction." State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S.W. 2d 768, 771. In that connection it may be observed that the trial court was, of course, familiar with the statutory requirement as to residence which was required to be proved before the court was authorized to grant plaintiff a divorce. Therefore, since the court entered the decree, it would seem reasonable to presume that, in the absence of specific proof to the contrary, the trial court, at the hearing, must have heard evidence to support the allegations of plaintiff's petition relating to the residence requirement.

Another applicable rule relates to the presumption that a judgment is valid. Where the judgment is within the jurisdiction of the court rendering same it is presumed to be valid. Brand v. Brand, Mo.Sup., 243 S.W.2d 981. In Lewis v. Lewis, 238 Mo.App. 173, 176 S.W.2d 556, 561, it is said that "The presumption of validity which surrounds the judgment of divorce in this case includes the presumption of the existence of every essential fact which must have existed in order for the court to have rendered a valid decree." The following is also applicable: "The plaintiff has the burden of proving that he has a domicil within the state and that he has complied with the statute prescribing the preliminary period of residence. On the other hand there is a presumption in favor of the validity of a divorce decree and of the jurisdiction of the divorce court after the decree has been entered." 17 Am.Jur., Divorce and Separation, § 390, p. 528.

As indicated in the quotation from Wenzel v. Wenzel, supra, the recitals in the divorce decree that "the court finds that the allegations in plaintiff's petition are true" and that plaintiff is "entitled to the relief prayed for" are presumed to be true and correct and import absolute verity unless contradicted by other parts of the record of equal dignity. Those recitals encompass a finding that plaintiff had complied with the statutory residential requirements. They are not expressly contradicted by anything in the record. There was no evidence in the transcript of the testimony taken at the divorce hearing concerning plaintiff's residence prior to the filing of the petition for divorce. The only question upon the subject of residence related to her residence "since the filing of this proceeding." The question then presents itself as to whether the fact that there is a complete absence of proof in the transcript upon the issue concerning the statutory requirement as to residence is sufficient to contradict the express recitals in the judgment. We think not. It is our view that in order to impeach a solemn judgment which is supported, as we have seen, by strong presumptions of validity there should at least be an express contradiction thereof in some other part of the record. The mere absence of evidence upon the precise issue of statutory residence was not sufficient, under the facts and circumstances of this case, to contradict the judgment entered at the conclusion of the divorce hearing. That is especially true where, as here, the recitals in the judgment are in accord with the admitted facts and there is testimony tending to show that the true jurisdictional facts were adduced at the hearing in question.

For the reasons indicated, the judgment appealed from should be reversed.

It is so ordered.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court en Banc.

WESTHUES and DALTON, JJ., concur; HYDE, C. J., concurs in separate

opinion filed; EAGER, STORCKMAN and LEEDY, JJ., concur and concur in separate opinion of HYDE, C. J.; HOLLINGS-WORTH, J., dissents in separate opinion filed.

HYDE, Chief Justice (concurring).

If the defendant had appealed from the judgment in this case awarding divorce and alimony, we would have had jurisdiction of such an appeal under our former decisions. Golding v. Golding, 74 Mo. 123; Arnold v. Arnold, Mo.Sup.Banc, 222 S.W. 996; Reynolds v. Reynolds, 297 Mo. 447, 249 S. W. 407; Carr v. Carr, Mo.Sup., 232 S.W.2d 488; Simon v. Simon, Mo.Sup., 248 S.W.2d 560; apparently ever since the Golding case jurisdiction has been taken without question in gross alimony cases; see also Baer v. Baer, Banc, 364 Mo. 1214, 274 S.W.2d 298. If we would have jurisdiction of an appeal by the defendant seeking to be relieved of an $8,000 alimony judgment against him, I can see no good reason why we would not have jurisdiction of an appeal by the plaintiff seeking to retain an $8,000 alimony judgment in her favor. Therefore, my view is that we do have jurisdiction in this case and I concur in the opinion of HOLMAN, C., herein.

HOLLINGSWORTH, Judge (dissenting).

While I agree with the conclusions reached by the majority on the merits of this appeal, I must respectfully dissent from the finding that this court has jurisdiction "because the *amount in dispute* exceeds the sum of $7,500." (Emphasis supplied.)

A search of the briefs reveals that there is no justiciable dispute whatever between the parties as to the amount of alimony awarded. The sole question presented is whether the judgment granting plaintiff a divorce was valid or invalid. If valid, the award of alimony stands; if invalid, it fails. The petition for divorce prayed ·for no specific amount of alimony. Neither is there any showing that if the decree of divorce granted plaintiff was valid, yet plaintiff was not entitled to any award of alimony; or that, if she was entitled to some allowance, yet the amount allowed was excessive to the extent of more than $7,500. Under these circumstances, I make this query: How may we determine that the amount of alimony *in dispute* exceeds $7,500?

It seems to me that under the facts in this case alimony as such and the amount thereof is purely collateral and incidental to the one issue involved on this appeal, to wit: the validity of the decree of divorce. Hence, I am persuaded this court has no jurisdiction of this cause and I sincerely feel that, in assuming jurisdiction, we transgress the limitations fixed by Article V, Section 3, of the Constitution; and that, in so doing, we set a bad precedent.

I would transfer the appeal to the Kansas City Court of Appeals.