Carroll L. ZAHORSKY, Respondent,

v.

Loween K. ZAHORSKY, Appellant.

No. KCD 27207.

Missouri Court of Appeals,
Kansas City District.

Aug. 30, 1976.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 12, 1976.

Application to Transfer Denied
Dec. 13, 1976.

James R. Hunsucker, Kansas City, for appellant.

James C. Wirken and Laurence R. Tucker, Morris, Mitchel, Larson, King, Stamper & Bold, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Loween Zahorsky filed a motion which appears to be in the nature of a writ of error coram nobis to set aside a decree of divorce granted to her husband Carroll Zahorsky. The court denied the motion and this appeal follows.

On appeal Loween contends Carroll was not a resident of Missouri at the time his petition for divorce was filed in 1967 and necessarily had not been for one whole year next preceding the filing of his petition. She contends further this totally deprived the court of any jurisdiction to grant Carroll a divorce and for that reason the decree is void. Affirmed.

Carroll filed a petition for divorce in Jackson County, Missouri in November, 1967, in which he alleged he was a resident of Missouri and had been for more than one whole year next preceding the filing of the petition. Shortly thereafter Loween filed a general entry of appearance in which she acknowledged having received a copy of the petition and agreed the court could take up the petition for divorce without further notice to her. The entry did request the court to grant custody of the minor son born of the marriage to her.

In February, 1968, Carroll appeared in court and testified he was a resident of Missouri and had been for more than one whole year next preceding the filing of his petition. He testified to further facts showing his entitlement to a decree of divorce. The court granted a divorce with a finding the allegations in Carroll's petition were true, granted custody of the minor son to Loween, together with a judgment against Carroll for child support.

In accordance with the divorce decree, Carroll paid Loween child support, and in 1972, Loween filed a motion asking the court to increase the amount. Subsequent thereto, Loween participated in an extended trial of a motion to modify by which Carroll sought to obtain custody of the minor son. As result of this trial, the court ordered custody changed from Loween to Carroll. During all of these proceedings, there was no question raised by Loween concerning the validity of the divorce decree.

In May, 1973, Loween filed the motion giving rise to this appeal in which she stated that Carroll had falsely stated in his petition for divorce that he was a resident of Missouri and that Carroll was guilty of perjury in the hearing on his petition by reason of the false statements which he made to induce the court to grant him a divorce. In that motion Loween requested the decree of divorce be vacated on the grounds it was void ab initio for lack of jurisdiction.

On the hearing of Loween's motion to vacate the divorce decree, she testified she had remarried in 1972, but upon being advised there might be some question concerning the validity of her divorce from Carroll, she obtained an annulment of this marriage in the State of Kansas.

The trial court made extensive findings of fact and found that Carroll in fact was not a resident of the State of Missouri at the time he filed his petition for divorce. However, the court concluded that in order to prevent the uncertainty which would follow if parties were permitted to retry factual issues under the claim of jurisdictional defects, a party is precluded from showing that such facts did not exist except upon proceedings by appeal. The trial court relied for this statement of the law upon *Hansford v. Hansford,* 34 Mo.App. 262 (1889). The trial court further concluded Loween had not been diligent in seeking

relief and for those reasons the court denied the motion to vacate the divorce decree.

It should be noted the finding of the court at the time the divorce was granted that "the court finds that the allegations in plaintiff's petition are true" encompasses a finding that plaintiff had complied with the statutory residential requirements. *Gomez v. Gomez,* 336 S.W.2d 656 (Mo. banc 1960). The record, therefore, shows the requisite jurisdictional facts of the residence of Carroll. There is nothing in the record to indicate any jurisdictional infirmity in the divorce decree.

On this appeal, Loween contends it is necessary for Carroll to have been a resident of Missouri at the time of the filing of his petition and to have been for more than one whole year next preceding in order for the court to have jurisdiction to grant a divorce decree. She relies upon a statement in *Smethers v. Smethers,* 263 S.W.2d 60[5] (Mo.App.1953) in which this court stated that when a judgment is rendered by a court without jurisdiction, the judgment is void ab initio and may be attacked by anybody at any time.

The frailty in Loween's argument is the distinction drawn in *Hansford* between those cases in which the record reveals an infirmity in the court's jurisdiction and those in which the record gives no hint of any lack of jurisdiction in the court to render the judgment. In *Smethers* the court held the judgment was void on its face because it was clearly beyond the power of the court to enter such judgment.

The distinction is clearly drawn in *Hansford* when the court stated "where the necessary jurisdictional facts appear by the record, and are found by the court to exist, the opposing party in a divorce suit, is precluded from showing that they did not exist as a matter of fact, except upon proceedings by appeal or writ of error." 34 Mo.App. 271. The court went on to say the prevention of perjury must be sought in the enforcement of the criminal law. In short, the court held that when a person commits perjury and the court makes a record entry which on its face shows a valid judgment, the remedy can be only by appeal, or by writ of error, or by resort to prosecution for the perjury committed.

Under this well established rule in Missouri, the judgment granting Carroll a divorce is valid upon its face and no appeal having been taken, it remains valid unless set aside in a proper action in the nature of a writ of error coram nobis.

The requirements of a writ of error coram nobis are set out in *City of St. Louis v. Franklin Bank,* 351 Mo. 688, 173 S.W.2d 837, 846[13–15] (banc 1943). The court there stated the writ lies for errors of fact. The court further stated "[t]he facts must be such as affect the *power and right* of the court to render the particular judgment— facts which, if known, would have *prevented* its rendition. In a sense they must be directed against what would have been either a want or abuse of jurisdiction—at least, not mere error—if the facts had been known to the court."

In *Sigwerth v. Sigwerth,* 299 S.W.2d 581 (Mo.App.1957) the court held the writ of error coram nobis was the proper remedy to be pursued when a divorce had been granted upon a finding that both the plaintiff and defendant were residents of Missouri when in fact they were not. The court stated that such fact of non-residency, had it been known to the court at the time it granted a decree of divorce, would have prevented the granting of such decree.

From the foregoing it is clear Loween followed the proper procedure by bringing a motion in the nature of a writ of error coram nobis to set aside the divorce decree. However, the trial court correctly found Loween had waited too long to bring such motion. An integral part of the rule surrounding the writ of error coram nobis was stated in the *Franklin Bank* case. "And the further rule is that if the facts were known to the complaining party at or before the trial, or might have been discovered by the exercise of reasonable diligence, the writ cannot be invoked." 173 S.W.2d 846.

 

There is no question in this case but that Loween knew, or had information readily at hand from which she could determine that Carroll had filed a petition for divorce in Jackson County, Missouri, and was alleging the fact to be that he was a resident of the State of Missouri and had been for more than one year next preceding the date he filed his petition. Thus Loween knew in December, 1967, the false statement which Carroll had made in his petition for divorce. She further admitted she knew the divorce had actually been granted to Carroll within two or three months after it occurred in February, 1968. As noted above, Loween accepted child support payments pursuant to this decree, filed a motion to increase the allowance of child support, and engaged in a lengthy motion to modify with respect to the custody of the minor child. It was not until the custody of the child was taken from her and vested in Carroll in September, 1972, that she undertook an investigation as to validity of the divorce decree which culminated in the filing of this motion in May, 1973.

It is apparent the facts stated in the motion now under consideration were either known fully to Loween in December, 1967, or she had information readily available from which all of the facts could have been determined concerning Carroll's claimed residence in Missouri. Obviously Loween had ample opportunity at that time to make the true facts known to the court, or at the very least, could have promptly done so within two or three months after the divorce was granted when she admits she learned the divorce had been granted.

Because these facts were known, or at the very least could have been discovered by the exercise of reasonable diligence prior to the time the divorce was granted, the writ of error coram nobis is not available to Loween in this case. However, there is a further reason expressed in *Pike v. Pike*, 239 Mo.App. 655, 193 S.W.2d 637, 641[10–11] (1946) as to why the denial of this motion was proper. There this court stated, "[t]he writ in the nature of a writ of error coram nobis is discretionary." The court went on

to explain it is in the public interest that any doubt concerning the validity of a divorce decree be settled as soon as possible. The court listed several reasons for this policy, including the possibility that delayed action might involve the legality of subsequent marriages and possible legitimacy of children. The court further pointed out it could unduly unsettle title to real estate and contractual rights.

It is apparent Loween waited until she was deprived of the custody of her son before she took any action to question the validity of the divorce decree. Because of her delay of five years to bring this action, she is not entitled at this time to have such divorce set aside.

Judgment affirmed.

All concur.