**Betty Ann DEWEY, Respondent,**

v.

**Richard D. DEWEY, Appellant.**

**No. 28346.**

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.
Rehearing Denied Dec. 27, 1976.

Richard E. Duggan, Duggan & Keleher, Kansas City, for appellant.

Robert B. Zeldin, DeWitt & Zeldin, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from denial of motion to set aside decree of divorce.

On September 9, 1974, judgment was entered in the Jackson County Circuit Court, dissolving the marriage between Betty Ann Dewey and Richard D. Dewey. The judgment provided for payment by husband of $50 per month alimony and divided the marital property.

On May 14, 1975, Richard D. Dewey filed a motion in the Jackson County Circuit Court to set aside the September 9, 1974 judgment. The motion alleged that the movant had recently discovered that at the time of his marriage to Betty Ann Dewey on September 10, 1966, his previous marriage to Elinor Dewey had not been dissolved. As evidence of that fact he attached a certified copy of a judgment of the Cole County Circuit Court, dated October 22, 1966, in the case of *Elinor Dewey v. Richard D. Dewey,* by which plaintiff was divorced from the bonds of matrimony with the defendant. The motion alleged that since the movant was married to Elinor Dewey at the time of his marriage to Betty Ann, the alleged marriage to Betty Ann was a nullity and the court had no jurisdiction to grant the September 9, 1974 dissolution judgment.

At a hearing on the motion respondent, then Betty Ann Tidd, testified that she married appellant September 10, 1966. She testified that before the marriage appellant told her many times he had never been married before. She produced an undated letter which she said appellant had addressed to her in which he said "I've always stood clear of getting too close to the alter (sic)." She testified that, based on her conversations with appellant and on letters received from him, she believed he had never been married.

Respondent's daughter-in-law testified that before the marriage of appellant and respondent, appellant had told her and respondent's son that he had always been a bachelor and had never been married before.

Appellant offered nothing other than his motion and the attached certified copy of the judgment of the Cole County Circuit Court.

The court overruled the motion and movant has appealed.

On this appeal, the contention is that by § 451.030, RSMo 1969, appellant's marriage

to respondent was void because he had a former wife living at that time, and therefore the court had no jurisdiction to enter a decree of dissolution.

■ Appellant's motion was filed far beyond 30 days following the entry of judgment in the trial court. Therefore the court had no authority to act on the motion on the basis of Rule 75.01, giving the trial court control over its judgment for a period of 30 days.

■ Appellant may not take advantage of Rule 74.32, permitting motions to set aside a judgment for irregularity within a period of three years after the judgment becomes final. That rule authorizes relief only in cases where the irregularity which nullifies the judgment appears on the face of the record. It does not permit the introduction of extraneous evidence to invalidate an otherwise valid judgment. In this case the trial court had jurisdiction to entertain the action in which its judgment was entered and it had jurisdiction over the parties. It disposed of the action within the limits of its jurisdiction and Rule 74.32 does not encompass the attack here attempted on the judgment. *Van Emelen v. Van Emelen,* 166 S.W.2d 802 (Mo.App.1942).

■ Even if the attack here be viewed as a motion in the nature of a writ of error coram nobis, appellant is not entitled to prevail because he has made no showing and obviously none could have been made that he would have been unable, in the exercise of due diligence, to have been aware at the time of trial of the objection which he now raises. *Pike v. Pike,* 239 Mo.App. 655, 193 S.W.2d 637, 640[5–7] (1946).

"It is to the public interest that all doubt of the validity of a divorce decree be settled as promptly as possible." *Pike v. Pike,* supra. § 452.110, RSMo 1969. Appellant has shown no basis for granting the relief sought and the trial court did not err in overruling his motion.

Judgment affirmed.

All concur.