**Ina Carole LONDON, Appellant,**

v.

**Norman S. LONDON, Respondent.**

**No. WD 44703.**

Missouri Court of Appeals,
Western District.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Laurence D. Mass, Clayton, for appellant.

Johnny K. Richardson, Jefferson City and Merle E. Silverstein, St. Louis, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Ina Carole London appeals from the denial of her motion to vacate a decree of dissolution of marriage entered on June 29,

1984. She claims that the trial court erred in denying her motion because it was without jurisdiction to grant a decree of dissolution since thirty days had not expired from the filing of the petition to the date when the decree was entered. The judgment of the trial court is affirmed.

Ina Carole London (hereinafter "Carole London") was the petitioner in a dissolution action filed in the Circuit Court of Cole County. There is no file stamp on the face of the petition. The petition does contain her signature notarized on May 24, 1984. The judge's docket sheet and the circuit clerk's fee book both note a date of May 30, 1984, as the date that the petition was filed. An answer, filed on May 30, 1984, admitted that the marriage was irretrievably broken and requested that the court divide the property and dissolve the marriage.

The decree and the transcript show that a hearing was held on the petition for dissolution on June 29, 1984, although the docket sheet shows a date of June 28, 1984. The parties agree that the correct date was June 29, 1984 and the decree was entered on that date. The decree recites that thirty days had elapsed since the filing. This recitation was in error, however, if the petition had been filed on May 30, 1984, because June 29, 1984 would have been the thirtieth day following the filing. Carole London did not appeal.

Nearly six and one-half years later, on December 17, 1990, Carole London filed a motion to set aside the decree. The trial court denied the motion finding that the docket entry showed that Carole London filed a petition for dissolution on May 30, 1984; that Norman London filed an answer that same day; that the docket sheet was in error as to the date of the hearing and should have shown a date of June 29, 1984 as the date of the hearing; that the June 29, 1984 decree states, "That thirty days have elapsed since filing of the petition in this cause;" that the petition did not bear a stamped filing date; and that no evidence was offered at the hearing as to when the petition was filed. Having so found, the trial court concluded that the findings in the June 29, 1984 decree recite the required jurisdictional finding and that this recital is presumed to be true and correct unless impeached by some other part of the record of equal dignity and verity as the judgment. *Wenzel v. Wenzel*, 283 S.W.2d 882 (Mo.App.1955). The trial court also concluded that if an error did exist, under equitable principles, Carole London should not be allowed to set aside the decree. From the denial of her motion, Carole London takes this appeal.

Ms. London's sole point is that the trial court erred in denying her motion to set aside the decree because the trial court was without jurisdiction to grant said decree of dissolution, since thirty days after the filing of the petition had not yet elapsed when it entered the decree.

Section 452.305.1(1) [1] directs that the trial court shall enter a decree of dissolution when "[t]he court finds that one of the parties has been a resident of this state, or is a member of the armed services who has been stationed in this state, for ninety days next preceding the commencement of the proceeding *and that thirty days have elapsed since the filing of the petition.*" (emphasis added). Ms. London argues that this statute is jurisdictional and that until the thirty days required by the statute have elapsed, no valid decree can be entered by the trial court. There is no Missouri precedent covering this precise issue. Ms. London cites to other jurisdictions which hold that their applicable "cooling off" periods are jurisdictional.[2]

Mr. London suggests that *State ex rel. Green v. James*, 355 Mo. 223, 195 S.W.2d 669 (1946), would indicate that the thirty-day period is not jurisdictional. In *James*, the plaintiff attempted to vacate a divorce

---

1. All statutory references are to Revised Missouri Statutes 1986, unless otherwise indicated.

2. *See Prudential Ins. Co. v. Loyd*, 729 F.2d 728 (11th Cir.1984); *Murray v. Dukes*, 204 Ga. 865, 52 S.E.2d 468 (1949); *Baker v. Baker*, 121 Ind. App. 564, 100 N.E.2d 900 (1951); *Boring v. Boring*, 155 Kan. 99, 122 P.2d 743 (1942); *Yarborough v. Yarborough*, 276 S.C. 416, 279 S.E.2d 130 (1981); *Beeler v. Beeler*, 218 S.W. 553 (Tex. Civ.App.1920).

decree based upon a number of irregularities in its rendering. *Id.* 195 S.W.2d at 671. A local rule prohibited the trying of a divorce case, "before the Term to which it would be regularly returnable under the statute." *Id.* The cause was tried before the rules would have allowed it to be heard. The court held that, "the trial of plaintiff's case at her own request, prior to the time fixed by the court's own rules, would not be jurisdictional." *Id.* at 672.

At the time that *James* was decided, § 452.305 had not been enacted. The statute did not take effect until January 1, 1974. No meaningful comparison can be made between the decision in *James,* based upon a local court rule, and the statute at issue. The Dissolution of Marriage Act governs dissolution decrees granted after January 1, 1974. *Seip v. Seip,* 725 S.W.2d 134 (Mo.App.1987).

The jurisdiction of the Missouri courts to hear and determine suits for dissolution depends upon and is limited by statute. *Chapman v. Chapman,* 269 Mo. 663, 192 S.W. 448 (1917). There is no common-law jurisdiction for dissolution proceedings. *State ex rel. Knapp v. Cowan,* 230 Mo.App. 226, 88 S.W.2d 424 (1935). The statutory provisions, therefore, have been strictly construed on questions of jurisdiction. For example, the residency requirements, set out in the same section of § 452.305 as the language pertaining to the thirty-day period at issue in the instant case, are mandatory. *Edwards v. Edwards,* 709 S.W.2d 165 (Mo.App.1986). Section 452.305.2, which requires a finding that there remains no reasonable likelihood that the marriage can be preserved and is, therefore, irretrievably broken, is also mandatory. *Shoemaker v. Shoemaker,* 708 S.W.2d 235, 236 (Mo.App.1986). The thirty-day time limit must also be construed in the same manner; it too is a jurisdictional fact which must be proved before a dissolution can be granted.

There is no real question that thirty days had not elapsed at the time when the decree was entered. The statute requires "that thirty days have elapsed since the filing of the petition." § 452.305.1(1). Mr.

London challenges both the initial filing date used to determine the thirty-day period and the method by which the thirty-day period was calculated.

There is no file stamp on the petition. The determination of May 30, 1984 as the filing date is based upon two documents: (1) a computerized printout of the judge's docket sheet with the notation "05/30/84 Petition For Dissolution of Marriage and Entry of Appearance, filed;" and (2) a notation in the clerk's fee book which gives the date of May 30, 1984 in a space labeled "Filed." Mr. London argues that these documents do not rebut the presumption that a court that rendered a decree had jurisdiction to do so and that every essential fact existed at the time to confer such jurisdiction. *See Gomez v. Gomez,* 336 S.W.2d 656 (Mo. banc 1960).

Recitals in a decree are presumed to be true and correct unless they are contradicted by other sections of the record "of equal dignity and importing equal verity as the jurisdictional recitals...." *Wenzel,* 283 S.W.2d at 887. Thus the judgment cannot be impeached by extraneous evidence, oral findings, written memorandum of the trial judge or by the judge's minutes or memoranda made by him on his trial docket. *Id.* In *Wenzel,* the appellate court did not allow the plaintiff to invalidate a decree of divorce where the plaintiff made vague allegations that the trial court found that no marriage existed. *Id.* at 887–88. In *Gomez,* the plaintiff was not allowed to impeach a judgment where nothing in the record expressly contradicted the recitals in the decree. *Gomez,* 336 S.W.2d at 660.

In *Orrick v. Orrick,* 241 Mo.App. 143, 233 S.W.2d 826, 828 (1950), the court held that an application for an order of publication of service of process was a part of the record and "is of equal dignity and of equal verity as the jurisdictional recital in the judgment and countervails that recital." The documents in the instant case are also a part of the record. Section 483.082 provides:

Notwithstanding the provision of any other statute to the contrary, it shall be the duty of the clerks of all courts to

keep such records of the courts and in such a manner as may be directed by rule of the supreme court so that they shall accurately record all essential matters relating to the causes and matters within the jurisdiction of the court which are and have been pending before the court, including pleadings, motions and related documents, transactions, orders and judgments or decrees related thereto showing the course and disposition of causes and matters, the taxing and collection of court costs, and the setting of trial calendars or dockets of pending cases.

In Administrative Rule 4.02, promulgated pursuant to § 483.082, the official court record consists of, among other things, "the judge's docket sheet." As such it is of equal verity and dignity and may be used to attack the recitals in the decree. While the docket sheet does contain an error as to the date of the hearing, it was impeached by other documents showing that the date was incorrect. No such showing has been made as to the entry of the filing date.

Nor does the computation of the thirty-day period afford Mr. London with any relief. Rule 44.01(a) provides that:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Thus, day "one" in the instant case would be May 31 and day "thirty" would be June 29. The statute requires that, "thirty days have elapsed since the filing of the petition," in order for the decree to be entered. It is clear that thirty days would not have "elapsed" until day "thirty-one", which

would in this case have been June 30, 1984. Thus, the thirty-day period had not been met.

■ In its conclusions of law, the court below pointed out that, "In the instant case, the Petitioner, Movant was the moving party in this cause of action and if any error existed she should not be, under equitable principles, allowed to set aside a decree that has been in existence for six and one-half years." Mr. London asks this court to apply the doctrine of laches to estop Ms. London from asserting the decree's invalidity.

Although dissolution proceedings are statutory actions *sui generis*, they partake of equitable principles and a remedy at law is determined on principles of equity. *In re Marriage of Breen*, 560 S.W.2d 358, 361 (Mo.App.1977). The defense of laches has been available in proceedings to void dissolution decrees even where it was contended that the decree should be vacated on jurisdictional grounds. In *Zahorsky v. Zahorsky*, 543 S.W.2d 258 (Mo.App.1976), the former wife filed a motion in the nature of a writ of error coram nobis to set aside a divorce decree on the grounds that her former husband was not a Missouri resident at the time his petition for divorce was filed in 1967. The former wife's motion, requesting the divorce be vacated on the grounds that it was void ab initio for want of jurisdiction, was filed in May 1973. Because the facts giving rise to the defect were known or could have been known by the exercise of due diligence, the court held that the writ of error coram nobis was not available. *Id.* at 260. In *Pike v. Pike*, 239 Mo.App. 655, 193 S.W.2d 637 (1946), another proceeding on a writ of coram nobis, a three year period passed between the decree and the action questioning the court's jurisdiction. The court in *Pike* pointed out that, "It is to the public interest that all doubt of the validity of a divorce decree be settled as promptly as possible." *Id.* 193 S.W.2d at 641. In *Pike*, the court applied the doctrine of laches finding the delay in bringing the action inexcusable where the former wife had herself formally applied to the court for the decree by cross-petition

and secured said decree by her own sworn testimony and where she had accepted the benefits of a property settlement. *Id.* at 642.

In *State ex rel. Kennedy v. Hogan,* 306 Mo. 580, 267 S.W. 619 (1925), the court denied relief to a former wife who questioned the decree on writ of certiorari. It stated:

So we are asked by relator to face the anomalous situation of declaring void a judgment or decree of an inferior court entered of record after personal service of summons has been had on the defendant therein, and where the plaintiff, relying upon the presumption of right action and jurisdiction of the trial court, has remarried, with the possibility of issue having been born of the second marriage. In other words, relator asks this court to brand her former husband and his second wife as open adulterers, and to cast a stigma upon their offspring, if such there be, now or hereafter born. And this, when by prompt and seasonable action taken by appeal or writ of error, relator might possibly have prevented the remarriage of her former husband and have averted the serious and far-reaching consequences which will necessarily follow the quashing of the divorce proceedings. We think relator has slept upon her rights. She is guilty of laches.

*Id.* 267 S.W. at 621–22.

In the instant case, Ms. London has asked that the court vacate its decree by bringing a motion to set aside the decree. Although this vehicle differs from that of a writ of error coram nobis, the principles espoused in the above cases are equally applicable as both are equitable actions. Ms. London herself points out that the error appears within the facts in the record. This error has been readily ascertainable from the date of the decree, certainly before Mr. London remarried in reliance upon that decree to his prejudice. "Invocation of laches requires that a party with knowledge of the facts giving rise to his rights, delays assertion of them for an excessive length of time and the other party suffers prejudice therefrom." *Grieshaber v. Grieshaber,* 793 S.W.2d 161, 163 (Mo.App. 1990). That prejudice includes whether a party has changed his position in a way which would not have occurred save for the delay. *Id.*

The facts in the instant case would also indicate that estoppel may also apply here to bar the action. As estoppel was not raised, it is not applied here. Ms. London petitioned the court for a dissolution of marriage. She was present at the hearing on the petition and was represented by counsel at the dissolution hearing. In fact, she presented the only testimony at that hearing. No action was taken to set aside the decree until over half a decade later, although the mistake was ascertainable from the very date of the decree. Mr. London has remarried, showing his reliance upon the dissolution decree. His present spouse, an innocent third party, also relied upon the decree's validity. It would be an injustice and a betrayal of public policy to allow the decree to be invalidated at this late date. Laches bars Ms. London's action to set aside the dissolution decree. The judgment of the trial court is affirmed.

All concur.