**Mary Frances MIZE, Respondent,**

v.

**Glen MIZE, Appellant.**

**No. WD 49272.**

Missouri Court of Appeals,
Western District.

Submitted Dec. 19, 1994.

Decided Feb. 7, 1995.

Jacki Harmon, Platte City, for appellant.

Ann E. Robards, Kansas City, for respondent.

Before HANNA, P.J., and
BRECKENRIDGE and SMART, JJ.

PER CURIAM.

This appeal concerns the failure of the dissolution decree to set forth any finding on the irretrievable breakdown of the marriage of Mary Francis Mize and Glen Mize. We affirm, but remand for findings.

In his verified answer and at the hearing, Mr. Mize contested the dissolution by denying that the marriage was irretrievably broken. Asserting the contrary, Ms. Mize testified that Mr. Mize had become difficult to live with because of his mood swings and unpredictable behavior. Ms. Mize also noted that Mr. Mize had been violent and verbally abusive toward her. Although Ms. Mize had obtained an ex parte order of protection, Mr. Mize had violated that order four times, and was incarcerated as a result. The trial judge granted Mr. Mize's request for a continuance. In continuing the matter for six weeks, the judge suggested that the Mizes seek counseling.

At the second dissolution hearing, Ms. Mize again expressed her belief that the marriage was irretrievably broken. She stressed that Mr. Mize was impossible to live with, and that she could not maintain a household with him. Ms. Mize then described situations in which Mr. Mize had threatened her and caused her to fear physical violence. Mr. Mize did not testify, and offered no other evidence.

With the evidence concluded, the trial judge announced his findings, including the following:

> Well, let the record reflect then, that in this case, CV193–1389DR, Mary Frances Mize versus Glen Everett Mize, the Court finds that the Respondent has behaved in such ways that the Petitioner cannot reasonably be expected to live with the Respondent. *The Court finds that the marriage is irretrievably broken.*

The decree, which Ms. Mize's counsel prepared and which the trial judge later signed,

**896**

contained no written finding that the marriage was irretrievably broken.

In his sole point, Mr. Mize contends that dissolving his marriage was erroneous because of the lack of any finding in the decree determining the marriage to be irretrievably broken. He insists that the dissolution of his marriage is therefore void, and he seeks remand for a dismissal of the action or additional findings.

Section 452.320, RSMo 1986, imposes a duty on the trial court to make a finding on whether the marriage is irretrievably broken before ordering dissolution. *B.W. v. F.E.W.,* 562 S.W.2d 137, 138 (Mo.App.1978). Section 452.320.2 establishes the procedure when one spouse denies under oath that the marriage is irretrievably broken. Here, the trial judge carefully followed that procedure by hearing Ms. Mize's evidence on grounds for dissolution, granting a continuance, suggesting counseling, entertaining additional evidence, and then finding the marriage to be irretrievably broken before ordering dissolution. That finding was apparently omitted from the decree through oversight.

We deem the finding of irretrievable breakdown to be an essential component that must be recorded in the dissolution decree. Section 452.305.1(2), RSMo 1986, makes mandatory the finding that "there remains no reasonable likelihood that the marriage can be preserved and therefore the marriage is irretrievably broken." *London v. London,* 826 S.W.2d 30, 32 (Mo.App.1992). Here, we find that the trial judge granted the dissolution on sufficient evidence and made the requisite findings. Omitting from the decree the finding that the Mizes' marriage was irretrievably broken was a clerical mistake that can be corrected under Rule 74.06(a). We affirm the decree, but remand the matter with directions to correct the decree by incorporating the finding of irretrievable breakdown.